IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:06CR276 RAS/DDB |
| | § | |
| CAROL RIBAUDO | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 12, 2015 to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson. The Government was represented by Glenn Jackson.

On March 24, 2008, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 57 months imprisonment on all Counts to be served concurrently, followed by a 3-year term of supervised release for the offenses of: Count 1: Conspiracy to Commit Mail and Wire Fraud; Counts 2-6: Mail Fraud; and Counts 7-15: Wire Fraud. Defendant began her term of supervision on July 20, 2012. The term of supervised release was revoked on January 31, 2014, and Defendant was sentenced to 6 months imprisonment followed by an additional 26-month term of supervised release. Following her revocation, the new term of supervised release commenced on August 29, 2014.

On April 16, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 175). The Petition asserts that Defendant violated the following conditions of supervision: (1) At the discretion of the probation officer, Defendant

1

shall reside in a residential reentry center or similar facility, in a correctional component, for a period up to 180 days to commence upon release from confinement and shall observe the rules of the facility. Should Defendant obtain a residence approved by a probation officer during the 180 day placement, Defendant shall be released; (2) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's payment of the court-ordered financial obligation; and (3) Defendant shall pay a $1,500 special assessment and restitution in the amount of $152,734.25. Payment to begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 15% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(K). Additionally, at least 100% of receipts received from gifts, tax returns, inheritances, bonuses. lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance within 15 days of receipt.

The Petition alleges that Defendant committed the following violations: (1) Defendant was unsuccessfully discharged from the Volunteers of America - Hutchins reentry facility on November 19, 2014, for rule violations; (2) On November 24, December 5 and 8, 2014; January 5, March 2 and 6, 2015, the U.S. Probation Office instructed Defendant to submit documentation to verify how she was being financially supported. Defendant failed to submit the requested documentation as instructed. Additionally, on December 19, 2014, Defendant submitted a Personal Financial Statement. She failed to submit supporting documentation with the statement as instructed. Furthermore, Defendant left the section titled "Party to Civil Suit" blank. Defendant verbally reported she has a pending suit against an insurance company for a car accident which occurred in

2

January 2014, when she was in the custody of the U.S. Marshal Service. Defendant omitted the lawsuit information on her financial statement; (3) Defendant failed to make payment toward her outstanding financial obligation during this term of supervision. A total of $212.16 has been paid toward the special assessment. Due to the lapse of five years from the date of the judgment, the balance of the special assessment can no longer be collected. An outstanding restitution balance of $151,247.87 remains. Defendant has made no payment toward the restitution obligation.

At the hearing, Defendant entered a plea of true to the allegation of not providing financial documentation. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the May 12, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Carswell, if appropriate.

**SIGNED this 22nd day of May, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE